COURTNEY C. HILL (SBN: 210143)
cchill@grsm.com
SYLVIA JOO (SBN: 308236)
sjoo@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
OXFORD HEALTH INSURANCE, INC.
and UNITEDHEALTHCARE INSURANCE COMPANY

ANTHONY F. MAUL (SBN: 314188)
afmaul@maulfirm.com
THE MAUL FIRM, P.C.
101 Broadway, Suite 3A
Oakland, CA 94607
Telephone: (510) 496-4477
Facsimile: (929) 900-1710

Attorney for Plaintiff
CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>                    Plaintiff,<br><br>     v.<br><br>OXFORD HEALTH INSURANCE INC.; UNITED HEALTHCARE INSURANCE COMPANY,<br><br>                    Defendants. | CASE NO. 4:19-cv-03533-DMR<br><br>FURTHER JOINT CASE MANAGEMENT STATEMENT<br><br>Date: January 29, 2020<br>Time: 1:30 pm<br>Place: Courtroom 4, 3rd Floor |

The parties to the above-entitled action jointly submit this FURTHER JOINT CASE MANAGEMENT STATEMENT as required by this Court's Order dated September 26, 2019 (Dkt. 26).

1

1. **JURISDICTION & SERVICE**

The Court has subject matter jurisdiction pursuant to federal diversity jurisdiction. There are no issues with respect to personal jurisdiction or venue. All defendants have been served.

2. **FACTS**

Plaintiff, is an out-of-network neurosurgery practice. The Defendants are managed health care companies that underwrite and/or administer employee health plans. Plaintiff performed a complex spinal surgery upon R.N., a member one of the health plans administered and/or insured by Defendants. Plaintiff alleges that, prior to performing the surgery, the Defendants promised that their payment for covered care rendered to R.N. by out-of-network providers would be based on "usual and customary" rates. Plaintiff further alleges that Defendants sent Plaintiff a letter pre-approving as eligible for coverage the five surgical procedures Plaintiff later performed.

Plaintiff's charges for the surgery totaled $147,000.00. The Defendants' payment totaled $7,911.24. Plaintiff alleges that this amount is grossly below the "usual and customary" rates it was promised. Defendants deny Plaintiff's allegations and deny that they owe any further payment for the medical services provided by Plaintiff.

3. **LEGAL ISSUES**

Plaintiff asserts claims for promissory estoppel and quantum meruit. The parties dispute whether Defendants' communications with Plaintiff constituted an actionable promise to pay at the requested rates. The parties also dispute whether the Defendants' conduct constituted a request that Plaintiff perform the relevant services, and whether such services conferred a benefit upon the Defendants.

4. **MOTIONS**

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which was denied by the Court (Dkt. 30). No other motions are contemplated at this time.

5. **AMENDMENT OF PLEADINGS**

Plaintiff filed its First Amended Complaint on October 3, 2019 (Dkt. 28), to which Defendant filed an Answer (Dkt. 29). No further amendments of the pleadings are anticipated.

6. **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **DISCLOSURES**

The parties mutually agreed to postpone service of their Rule 26(a)(1)(A) initial disclosures until such time as the Court has had an opportunity to enter a protective order due to the fact that the documents at issue in this matter will contain personal health information protected by the Health Insurance Portability and Accountability Act of 1996.

The Court granted the parties' stipulated protective order on January 9, 2020. The parties agree to exchange initial disclosures by January 29, 2020.

8. **DISCOVERY**

No discovery has been taken to date. The parties anticipate that discovery will include document requests, interrogatories, requests for admission, depositions, and

other disclosure pertaining to the communications at issue, as well as parties' interpretation and/or understanding of the meaning of terms such as "usual and customary" within the context of the transactions giving rise to their dispute.

9. **CLASS ACTIONS**

This matter is not a putative class action.

10. **RELATED CASES**

There are no related cases.

11. **RELIEF**

The Plaintiff seeks damages and/or restitution in an amount to be determined at trial, but which Plaintiff believes to be approximately $139,088.76, which is the difference between the Plaintiff's billed charges and the amount the Defendants paid. This figure may need to be adjusted to account for the impact of any applicable deductibles, coinsurance or copayments owed by the patient. Plaintiff also seeks an award of interest at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371, as well as any other and further relief the Court deems just and proper.

Defendants contend that Plaintiff is not entitled to damages.

12. **SETTLEMENT AND ADR**

The parties have agreed to proceed before a private mediator on February 5, 2020, which was the first date available for all parties, counsel for the parties, and the agreed upon mediator. The parties have filed a stipulation to extend the deadline to complete mediation by an additional 14 days (Dkt. 36).

### 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties have separately filed confirmations of their consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. **OTHER REFERENCES**

None.

### 15. **NARROWING OF ISSUES**

None at this time.

### 16. **EXPEDITED TRIAL PROCEDURE**

The parties agree this matter is not suitable for Expedited Trial Procedure

### 17. **SCHEDULING**

Per Court Order (Dkt. 27), the following dates have been set:

| | |
|---|---|
| 4/2/2020 | Last day to complete all non-expert discovery |
| | Last day to disclose experts and provide reports |
| 4/30/2020 | Last day to disclose rebuttal experts and provide reports |
| 5/28/2020 | Last day to complete all discovery from experts |
| 7/23/2020 | Last day for hearing dispositive motions |
| 9/15/2020 | Last day for lead counsel to meet and confer regarding: |
| | (1) Preparation and content of the joint pretrial conference statement; |

|  |  |
|---|---|
|  | (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and |
|  | (3) Settlement of the action |
| 9/25/2020 | Last day to serve and file a joint pretrial statement |
| 10/5/2020 | Last day to serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine. |
| 10/14/2020 | Pre-trial conference at 3:00 p.m. |
| 10/26/2020 | Trial commences at 9:00 a.m. (not more than 4 days) |

18**. TRIAL**

Per Court Order (Dkt. 27), jury trial will begin on 10/26/2020 at 9:00 a.m. at the U.S. District Court, 1301 Clay Street, Oakland, California.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties hereby restate that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this

proceeding: (1) California Spine and Neurosurgery Institute, Plaintiff; 2) Adebukola Onibokun, M.D., medical provider of services at issue; 3) R.N., the patient who received the medical services at issue; 4) Oxford Health Insurance, Inc., Defendant. Oxford Health Insurance, Inc. is a wholly owned subsidiary of UnitedHealthcare Insurance Company, which is a wholly owned subsidiary of UHIC Holdings, Inc., which is a wholly owned subsidiary of United HealthCare Services, Inc., which is a wholly owned subsidiary of UnitedHealth Group, Incorporated., which is a publicly traded company. 5) UnitedHealthcare Insurance Company, Defendant. UnitedHealthcare Insurance Company is a wholly owned subsidiary of UHIC Holdings, Inc., which is a wholly owned subsidiary of United HealthCare Services, Inc., which is a wholly owned subsidiary of UnitedHealth Group, Incorporated, which is a publicly traded company.

20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER**

None.

Dated: _January 22, 2020__      *s/Anthony F. Maul*
　　　　　　　　　　　　　　　Anthony F. Maul
　　　　　　　　　　　　　　　Counsel for plaintiff


Dated: _January 22, 2020__      *s/Sylvia Joo*
　　　　　　　　　　　　　　　Courtney C. Hill
　　　　　　　　　　　　　　　Sylvia Joo
　　　　　　　　　　　　　　　Counsel for defendant


**ATTESTATION OF E-FILED SIGNATURE**

I, Sylvia Joo, am the ECF user whose ID and password are being used to file this Further Joint Case Management Statement.  In compliance with Local Rule 5-1(i), I

1  hereby attest that Anthony F. Maul, counsel for Plaintiff, has concurred in this filing.

By:  *s/Sylvia joo*
       Sylvia Joo

1189917/49562048v.1